IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

PHUONG THAO T. VU, §
 §
 Plaintiff, §
 §
v. §
 §  CIVIL ACTION NO. H-14-3397
BANK OF AMERICA, N.A.; U.S. §
BANK, N.A., AS TRUSTEE FOR §
CERTIFICATE HOLDERS OF §
CITIGROUP MORTGAGE LOAN TRUST, §
INC. CERTIFICATE SERIES 2007- §
AMC1; and CHASE HOME FINANCE, §
 §
 Defendants. §

## MEMORANDUM OPINION AND ORDER

Plaintiff Phuong Thao T. Vu ("Plaintiff") sued Defendants Bank of America, N.A. ("BANA"), U.S. Bank, N.A. (collectively, the "BANA Defendants"), and Chase Home Finance, LLC (now JPMorgan Chase Bank, N.A., successor by merger, and hereinafter "Chase") in the 113th Judicial District Court of Harris County, Texas, under Cause No. 2014-64214.[1] Defendants timely removed.[2] Pending before the court are Defendant Bank of America, N.A.'s and U.S. Bank's Motion to Dismiss Plaintiff's Original Complaint Pursuant to Fed. R. Civ.

---

[1] See Plaintiff's Original Petition, Application for Temporary Restraining Order, and Request for Temporary Injunction ("Plaintiff's Original Petition"), Exhibit A-3 to Defendant JPMorgan Chase Bank, N.A.'s Notice of Removal ("Notice of Removal"), Docket Entry No. 1-1, pp. 11-24. Page citations are to the pagination imprinted by the federal court's electronic filing system at the top and right of the document.

[2] See Notice of Removal, Docket Entry No. 1.

P. 12(b)(6) with Incorporated Memorandum of Law ("BANA Defendants' Motion to Dismiss") (Docket Entry No. 6) and Defendant's Motion to Dismiss for Failure to State a Claim and Brief in Support ("Chase's Motion to Dismiss") (Docket Entry No. 4). For the reasons stated below, the BANA Defendants' Motion to Dismiss will be denied, and Chase's Motion to Dismiss will be granted in part and denied in part.

## I. **Background**

This case arises from the BANA Defendants' attempted foreclosure on Plaintiff's property. U.S. Bank is the beneficiary of a deed of trust signed by a prior owner of Plaintiff's property (the "2006 Deed of Trust"), and BANA is U.S. Bank's loan servicer.[3] After the recording of the 2006 Deed of Trust, the property was sold twice in quick succession in 2006 and 2007, each new owner again encumbering it with a mortgage.[4] In 2010 Chase foreclosed on the property and then purchased it at auction.[5] In February of

---

[3]See Deed of Trust ("2006 Deed of Trust"), Exhibit 6 to Original Petition, Exhibit A-3 to Notice of Removal, Docket Entry No. 1-1, pp. 49-71; Assignment of Deed of Trust, Exhibit B to BANA Defendants' Motion to Dismiss, Docket Entry No. 6-2; Notice of Trustee's Sale, Exhibit 5 to Original Petition, Exhibit A-3 to Notice of Removal, Docket Entry No. 1-1, p. 48.

[4]See General Warranty Deed (November 2006), Exhibit C to BANA Defendants' Motion to Dismiss, Docket Entry No. 6-3; Deed of Trust (November 2006), Exhibit D to BANA Defendants' Motion to Dismiss, Docket Entry No. 6-4; Warranty Deed With Vendor's Lien (December 2007), Exhibit E to BANA Defendants' Motion to Dismiss, Docket Entry No. 6-5; Deed of Trust (December 2007), Exhibit F to BANA Defendants' Motion to Dismiss, Docket Entry No. 6-6.

[5]See Substitute Trustee's Deed, Exhibit H to BANA Defendants' Motion to Dismiss, Docket Entry No. 6-8.

2011 Plaintiff purchased the property from Chase, who transferred it to Plaintiff by Special Warranty Deed.[6] On October 13, 2014, BANA notified Plaintiff of BANA's intent to foreclose on the property pursuant to the power of sale in the 2006 Deed of Trust.[7] This litigation ensued.

## II. Motions to Dismiss Under Rule 12(b)(6)

Plaintiff has asserted a cause of action for quiet title against the BANA Defendants and seeks related declaratory relief.[8] Plaintiff has also asserted causes of action against Chase for breach of the implied covenant against encumbrances, breach of contract, and breach of warranty of title.[9] The BANA Defendants and Chase have moved to dismiss Plaintiff's complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.[10]

---

[6] See Special Warranty Deed, Exhibit 2 to Plaintiff's Original Petition, Exhibit A-3 to Notice of Removal, Docket Entry No. 1-1, pp. 40-43.

[7] See Notice of Acceleration of Maturity, Exhibit 4 to Plaintiff's Original Petition, Docket Entry No. 1-1, pp. 46-47; Notice of Trustee's Sale, Exhibit 5 to Plaintiff's Original Petition, Docket Entry No. 1-1, p. 49.

[8] See Plaintiff's Original Petition, Docket Entry No. 1-1, pp. 17-18 ¶¶ 21- 25.

[9] See id. at 18-19 ¶¶ 27-30.

[10] See BANA Defendants' Motion to Dismiss, Docket Entry No. 6; Chase's Motion to Dismiss, Docket Entry No. 4.

## A. Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief may be granted tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). The court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. Id.

> "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."

Swierkiewicz v. Sorema N.A., 122 S. Ct. 992, 997 (2002) (quoting Scheuer v. Rhodes, 94 S. Ct. 1683, 1686 (1974)). To avoid dismissal a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). Plausibility requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Where a complaint pleads facts that are merely consistent with a

defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (quoting Twombly, 127 S. Ct. at 1966) (internal quotation marks omitted). The court will "'not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.'" Ferrer v. Chevron Corp., 484 F.3d 776, 780 (5th Cir. 2007) (quoting Plotkin v. IP Axess Inc., 407 F.3d 690, 696 (5th Cir. 2005)). "[D]ismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief." Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill, 561 F.3d 377, 384 (5th Cir. 2009).

When considering a motion to dismiss courts are generally "limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC, 594 F.3d 383, 387 (5th Cir. 2010) (citing Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000)). In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." Norris v. Hearst Trust, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing Cinel v. Connick, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)). When a party presents "matters outside the pleadings" with a Rule 12(b)(6) motion to dismiss, the court has "complete discretion" to either accept or exclude the evidence for purposes of the motion to dismiss. Isquith ex rel. Isquith v. Middle South

Utilities, Inc., 847 F.2d 186, 194 n.3 (5th Cir. 1988). However, "[i]f . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56" and "all parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

## B.  BANA Defendants' Motion to Dismiss

In Plaintiff's Original Petition, Plaintiff asserts a cause of action for quiet title against the BANA Defendants, requesting that the Court determine that "Plaintiff's interest is superior to Defendants' claimed lien."[11] Plaintiff also seeks declarations that (1) "the lien claimed by the Lender Defendants has been released or has been paid and satisfied and is not subject to foreclosure," and (2) "the collection of the 2006 Maria Lopez debt secured by the lien claimed by the Lender Defendants is time barred, has been waived, or barred by laches, and is not subject to foreclosure."[12]

---

[11]Id.

[12]Original Petition, Exhibit A-3 to Notice of Removal, Docket Entry No. 1-1, p. 17. In the alternative, Plaintiff requests a declaration that Plaintiff is a bona fide purchaser for value without notice. Id. at 18. However, Plaintiff alleges that the 2006 Deed of Trust was recorded prior to Plaintiff's purchase of the property. See id. at 16-17. Under the Texas Property Code a deed of trust is valid against a subsequent purchaser for value without actual notice so long as the deed of trust has been properly recorded. See Tex. Prop. Code §§ 13.001-002. Plaintiff took the property subject to the 2006 Deed of Trust.

A suit to quiet title under Texas law "exists to enable the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right." Gordon v. West Houston Trees, Ltd., 352 S.W.3d 32, 42 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (internal quotation marks and citation omitted). It requires a plaintiff to prove that the defendant's claim "(1) constitutes a hindrance having the appearance of a better right to title than its own, that (2) appears to be valid on its face, and that (3) for reasons not apparent on its face, is not valid." Id. "The effect of a suit to quiet title is to declare invalid or ineffective the defendant's claim to title." Id.

The BANA Defendants argue that "Plaintiff's action to quiet title fails as a matter of law because the [2006 Deed of Trust] was executed, recorded, and not released prior to Plaintiff's Deed."[13] As anticipated in a suit to quiet tittle, the BANA Defendants' claim appears valid on its face. However, Plaintiff alleges that the BANA Defendants' lien "has been satisfied by payment by one of a number of other lenders on numerous subsequent conveyances."[14] Plaintiff argues that lack of a recorded release proves only that no release has been recorded, and that Plaintiff's Original Petition also gives fair notice of a limitations defense under

---

[13]BANA Defendants' Motion to Dismiss, Docket Entry No. 6, p. 4.

[14]Plaintiff's Original Petition, Exhibit A-3 to Notice of Removal, Docket Entry No. 1-1, p. 17 ¶ 21.

Tex. Civ. Prac. & Rem. Code § 16.035. Plaintiff contends that it is plausible that the 2006 Deed of Trust has been satisfied and/or that the BANA Defendants' cause of action accrued more than four years prior to their attempted foreclosure.

While it is a close call given the arguably conclusory allegations in Plaintiff's Original Petition, the court agrees that "[a]s a stranger to the Lopez loan, it is not reasonable to expect that Plaintiff could have obtained the related documents without the aid of discovery in time to both obtain a temporary restraining order and/or to respond to the initial motion to dismiss herein."[15] In a 12(b)(6) motion "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Swierkiewicz, 122 S. Ct. at 997. Viewed in the light most favorable to Plaintiff, Plaintiff's factual allegations are sufficient to state a claim for relief.

C.  **Chase's Motion to Dismiss**

Plaintiff asserts causes of action for breach of the Texas Property Code's implied covenant against encumbrances, breach of contract, and breach of warranty of title. At the center of the dispute is whether Chase warranted or covenanted, either expressly or impliedly, that the property would be free of encumbrances. In

---

[15]See Plaintiff's Response in Opposition to Defendants Bank of America and U.S. Bank's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim and Request for Leave to Amend Complaint, Docket Entry No. 13, p. 7.

opposing each of Plaintiff's causes of action, Chase relies on the limited covenant of title contained in the Special Warranty Deed and what Chase argues is an express disclaimer of any other warranties. However, a "covenant against encumbrances is distinct from the warranty of title and is intended to protect the grantee against rights or interests in third persons that, while consistent with the fee being in the grantor, diminish the value of the estate conveyed." Spiller v. Fid. Nat. Title Ins. Co., No. 03-97-00501-CV, 1998 WL 717195, at *2 (Tex. App.—Austin Oct. 15, 1998, no pet.) (unpublished). As discussed below, Plaintiff has pleaded plausible claims for breach of the covenant against encumbrances and breach of contract. Plaintiff's claim for breach of warranty of title fails, however, and will be dismissed.

1. Implied Covenant Against Encumbrances

Plaintiff's complaint alleges that Chase impliedly covenanted that the property was free of encumbrances and that, to the extent that the BANA Defendants have a valid lien, Chase breached that covenant.[16] Texas Property Code Section 5.023(a) states that a conveyance of real property carries with it an implied covenant that the property is free of encumbrances "unless the conveyance

---

[16]See Plaintiff's Original Petition, Docket Entry No. 1-1, p. 19 ¶ 30.

expressly provides otherwise."[17] A breach of that covenant may form the basis of a lawsuit. § 5.023(b). Chase conveyed the property at issue to Plaintiff via a special warranty deed that does not reference § 5.023(a) or the implied covenant against encumbrances.[18] The BANA Defendants seek to enforce a lien that predates the conveyance from Chase to Plaintiff. Chase argues that together with the limited warranty of title in the Special Warranty Deed, the "AS IS" clause disclaiming other warranties is sufficient to disclaim the implied covenant created by § 5.023(a).[19] Chase cites no authority for this proposition, and the court is persuaded that Plaintiff has asserted a plausible claim for relief under the Texas Property Code.

2. <u>Breach of Contract</u>

Plaintiff asserts a claim for breach of contract.[20] To prevail on a breach of contract claim under Texas law a plaintiff must prove: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract

---

[17]"Encumbrance" includes a lien on real property. Tex. Prop. Code § 5.024.

[18]See Special Warranty Deed, Exhibit 2 to Plaintiff's Original Petition, Docket Entry No. 1-1, pp. 40-41.

[19]Chase's Motion to Dismiss, Docket Entry No. 4, pp. 6-7; Defendant Chase's Reply Brief in Support of Motion to Dismiss for Failure to State a Claim, Docket Entry No. 18, p. 5.

[20]See Plaintiff's Original Petition, Docket Entry No. 1-1, p. 19 ¶ 29.

by the defendant; and (4) damages to the plaintiff resulting from the breach. Lewis v. Bank of America NA, 343 F.3d 540, 544-45 (5th Cir. 2003) (citing Palmer v. Espey Huston & Assocs., 84 S.W.3d 345, 353 (Tex. App.—Corpus Christi 2002, pet. denied)). Plaintiff's Original Petition states that "Chase executed a contract with Plaintiff which agreed that Chase would convey title to the Property free and clear of defects and encumbrances to Plaintiff."[21] Plaintiff's Response to Chase states that the contract at issue is the contract for sale entered into by the parties,[22] which was later amended by a "counterproposal" also signed by both parties.[23] From the factual allegations in the complaint, it appears that Plaintiff performed under the contract.[24] As alleged in the complaint, Chase conveyed title to a property encumbered by a lien, which, if valid,

---

[21] Id.

[22] Plaintiff's Response in Opposition to Defendant JP Morgan Chase Bank's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim and Request for Leave to Amend Complaint ("Plaintiff's Response to Chase"), Docket Entry No. 16, p. 6 ¶ 14.

[23] Id. Only the Counterproposal was attached to Plaintiff's Original Petition. Plaintiff attached a copy of the original contract for sale to Plaintiff's Response to Chase, but the court need not rely on this document to decide Chase's Motion to Dismiss.

[24] Chase argues that by bringing this lawsuit Plaintiff is in breach of the contract because Plaintiff "waived any claim arising from any other matter which would be disclosed by search of the public records." Chase's Motion to Dismiss, Docket Entry No. 4, p. 6. Chase chose to file a motion to dismiss instead of waiting to file a motion for summary judgment supported by evidence. Under the standard for reviewing a motion to dismiss Chase's argument has no traction.

will damage Plaintiff's interest in the property. Plaintiff has pleaded a plausible claim for relief.

### 3. Breach of Warranty of Title

Plaintiff asserts a claim for breach of warranty of title.[25] Under Texas law a claim for breach of warranty of title requires some form of eviction, either actual or constructive, of the purchaser from the property, rather than a mere cloud on the property's title. See Green Tree Servicing, LLC v. ICA Wholesale, Ltd., 439 S.W.3d 657, 657 n.4 (Tex. App.—Austin 2014, no pet.) (collecting cases). Plaintiff has pleaded neither actual nor constructive eviction, nor has Plaintiff responded to Chase's motion to dismiss this claim. Plaintiff has not pleaded a plausible claim for breach of warranty of title.

## III. Conclusions and Order

The court concludes that Plaintiff has stated plausible claims against the BANA Defendants for quiet title and declaratory relief and against Chase for breach of covenant under the Texas Property Code and breach of contract; but Plaintiff has not stated a plausible claim for relief for breach of warranty of title. Therefore, Defendant Bank of America, N.A.'s and U.S. Bank's Motion to Dismiss Plaintiff's Original Complaint Pursuant to Fed. R. Civ.

---

[25]See Plaintiff's Original Petition, Docket Entry No. 1-1, p. 19 ¶ 27.

P. 12(b)(6) (Docket Entry No. 6) is **DENIED**; Defendant Chase's Motion to Dismiss for Failure to State a Claim (Docket Entry No. 4) is **GRANTED IN PART and DENIED IN PART**; and Plaintiff's claim for breach of warranty of title is **DISMISSED**.

Over the last few years a large number of mortgage foreclosure cases have been filed in this district. A large number of dispositive motions are filed in such cases, and the court endeavors to rule promptly on those motions. In this case both defendants chose to file motions to dismiss, which have proven premature. Had Defendants waited, some discovery might have shown that Plaintiff's claims lacked merit, and the court could have ruled on fully briefed motions for summary judgment supported by evidence. However, having already expended time and energy ruling on Defendants' motions to dismiss, the court is not inclined to allow another round of dispositive motions. Instead, when the parties appear for their initial conference on April 17, 2015, the court will enter an expedited discovery schedule, and this case will be tried on the merits within 120 days.

**SIGNED** at Houston, Texas, on this the 9th day of April, 2015.

SIM LAKE
UNITED STATES DISTRICT JUDGE